ROBERT E. MCCURRY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; EVELYN E. MCCURRY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McCurry v. Commissioner
Docket Nos. 15293-80, 15294-80.
United States Tax Court
T.C. Memo 1981-68; 1981 Tax Ct. Memo LEXIS 676; 41 T.C.M. (CCH) 904; T.C.M. (RIA) 81068; February 19, 1981. Michael Parhan, for the petitioners. Mark W. Nickerson, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: These cases were assigned to and heard by Special Trial Judge John J. Pajak pursuant to the provisions of section 7456(c) of the InternalRevenue Code of 1954, [1] and Rule 180, Tax Court Rules of Practice and Procedure. The Court agrees with and adopts the Special Trial Judge's Opinion which is set forth *677 below. OPINION OF THE SPECIAL TRIAL JUDGE PAJAK, Special Trial Judge: These cases are before the Court on respondent's motions to dismiss for lack of jurisdiction. The sole issue for decision is whether the petitions in these cases were timely filed pursuant to sections 6213(a) and 7502(b). Petitioners are husband and wife. On April 23, 1980, respondent mailed separate statutory notices of deficiencies in Federal income taxes to each petitioner. The 90-day statutory period during which petitions to this Court for a redetermination of the deficiencies may be filed expired July 22, 1980. The petitions were mailed to the Tax Court in a properly addressed large envelope bearing a privately metered postmark dated July 19, 1980. The petitions were received and filed by the Tax Court on July 28, 1980, six days beyond the period prescribed for filing. Respondent filed motions to dismiss for lack of jurisdiction on the ground that the petitions were not timely filed under section 6213(a) or 7502(b). The petitions in these cases were received *678 96 days after the notices of deficiency were mailed. Ordinarily the Tax Court does not have jurisdiction over a case for the redetermination of a deficiency unless the petition is filed within the 90 days allowed by section 6213(a). Section 7502, however, provides some relief from the strict 90-day requirement in cases where the petition is mailed within the 90-day period but received for filing after the expiration of such period. Under section 7502, the date of mailing is deemed to be the date of filing if certain requirements are met. With respect to postmarks made by a private postage meter, section 7502(b) states that the provisions of section7502 will apply "only if and to the extent provided by regulations prescribed by the Secretary." Regulations have been promulgated pursuant to section 7502(b) to govern cases involving private metered mail. The relevant language for our purposes is found in section 301.7502-1(c)(1)(iii)(b), Proced. & Admin Regs.: (b) If the postmark on the envelope or wrapper is made other than by the United States Post Office,(1) the postmark so made must bear a date on or before the last date, or the last day of the period, prescribed for filing *679 the document, and (2) the document must be received by the agency, officer, or office with which it is required to be filed not later than the time when a document contained in an envelope or other appropriate wrapper which is properly addressed and mailed and sent by the same class of mail would ordinarily be received if it were postmarked at the same point of origin by the United States Post Office on the last date, or the last day of the period, prescribed for filing the document.
In other words, section 7502 applies to privately metered mail if the postmark bears a timely date and delivery occurs within the time it ordinarily takes for delivery of an envelope, bearing a postmark of the United StatesPost Office, properly mailed on the last day prescribed for filing. Stotter v. Commissioner, 69 T.C. 896 (1978). See Fishman v. Commissioner, 51 T.C. 869 (1969), affd. per curiam 420 F.2d 491 (2nd Cir. 1970). Respondent's witness, the manager of quality control for the postal service in Atlanta, Georgia, testified that "[f]or this particular period in question, the majority [of mail] should be received [in Washington, D.C.] within *680 the fourth or fifth day." Respondent's position is that because the petitions were received on the sixth day, they were untimely. We co not agree. The calendar informs us that the last day for filing, July 22, 1980, was a Tuesday. According to respondent's witness, had the petitions been mailed on Tuesday, July 22, 1980 in a properly addressed envelope bearing a United States Post Office postmark, they probably would have been deliverable to the Tax Court four days later, or on Saturday, July 26, 1980. There is no mail delivery to the Tax Court on weekends. Weekend deliveries are held until Monday morning. Thus, such petitioners would not have reached the Tax Court until the morning of July 28, 1980. The petitions in these cases were received by the Court at 8:16 a.m. on July 28, 1980. We find that the petitions were timely filed under section 7502 and the regulations thereunder since they reached the Court at the same time an envelope properly addressed, mailed and postmarked by the United States Post Office on July 22, 1980ordinarily would have reached the Court. Leventis v. Commissioner, 49 T.C. 353 (1968). In light of our disposition of this issue, it *681 is unnecessary to address respondent's arguments that the petitioners have not complied with the alternative requirements of the regulations. Respondent's motions to dismiss will be denied. Appropriate orders will be issued. Footnotes
1. All section references are to the Internal Revenue Codeof 1954, as in effect during the taxable year, unless otherwise indicated.↩