HECTOR GUERRA and ELSA GUERRA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Guerra v. Commissioner
Docket No. 3194-82.
United States Tax Court
T.C. Memo 1983-21; 1983 Tax Ct. Memo LEXIS 764; 45 T.C.M. (CCH) 510; T.C.M. (RIA) 83021; January 13, 1983. Kenton E. McDonald and James L. Walker, for the petitioners. Dennis R. Onnen, for the respondent. WILES
MEMORANDUM OPINION WILES, Judge: This case is before us on respondent's "Motion to Dismiss for Lack of Jurisdiction" filed on March 22, 1982, and heard on August 16, 1982. Respondent, who determined that petitioners are liable for additions to tax [1] under section 6653(b) in the amounts of $8,197.89 for 1976 and $6,526.46 *765 for 1977, contends that the petition herein was not filed within the period prescribed in sections 6213(a) and 7502(b). [2]
Petitioners resided in McAllen, Texas, when they filed their petition in this case. On November 10, 1981, respondent mailed a notice of deficiency to petitioners in which he determined that petitioners were liable for the fraud addition to tax for 1976 and 1977. The 90-day statutory period during which a petition for redetermination may be filed with this Court expired on February 8, 1982. Petitioners' petition was properly addressed and sent by certified mail to the Tax Court in a large envelope bearing a privately metered postmark dated February 5, 1982. The petition was received and filed by the Court on February 12, 1982, 4 days beyond the period prescribed for filing. The petition in this case was received 94 days after the notice of deficiency was mailed. Generally, the Court does not have jurisdiction over a case unless the petition *766 is filed within the 90 days allowed by section 6213(a). Under section 7502, however, some relief is provided from the 90-day requirement in those cases where the petition is mailed within the 90-day period but received for filing after the expiration of that period. Section 7502(a) provides that the date of the United States postmark stamped on the envelope, in which such petition is mailed, shall be deemed to be the date of filing if certain requirements are met. With respect to privately metered mail, section 7502(b) states that the provisions of section 7502 will apply "only if and to the extent provided by regulations prescribed by the Secretary." Regulations have been promulgated pursuant to section 7502(b) to govern cases involving privately metered mail. Section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs., contains the following language relevant to the instant case. (b) If the postmark on the envelope or wrapper is made other than by the United States Post Office, (1) the postmark so made must bear a date on or before the last date, or the last day of the period, prescribed for filing the document, and (2) the document must be received by the agency, officer, or *767 office with which it is required to be filed not later than the time when a document contained in an envelope or other appropriate wrapper which is properly addressed and mailed and sent by the same class of mail would ordinarily be received if it were postmarked at the same point of origin by the United States Post Office on the last date, or the last day of the period, prescribed for filing the document. Thus, section 7502 applies to privately metered mail if the postmark bears a timely date and delivery occurs within the time that it ordinarily takes for delivery of an envelope, bearing a postmark of the United States Post Office, properly mailed on the last day prescribed for filing. [3]Stotter v. Commissioner,69 T.C. 896 (1978). See Fishman v. Commissioner,51 T.C. 869 (1969), affd. per curiam 420 F. 2d 491 (2d Cir. 1970). Petitioners argue that their petition was timely mailed from Corpus Christi, Texas, on February 8, 1982, the ninetieth day prescribed for its filing and that the petition was actually received by the Tax Court within the time ordinarily *768 required for the delivery of a document properly mailed from the same point of origin and postmarked on February 8, 1982. Respondent, on the other hand, maintains that mail from Corpus Christi, Texas, to Washington, D.C., takes no longer than 3 days to deliver and, consequently, petitioners have failed to establish that their petition was received at the Tax Court within the time ordinarily required for the delivery of a document properly mailed from Corpus Christi, Texas, on February 8, 1982. Respondent's witness, Erwin Hill (hereinafter Hill) was employed by the United States Postal Service as a quality control officer from 1978 through May 1982.Part of Hill's duties as a quality control officer included the random sampling of mail to determine the delivery time to various cities. Hill testified that the delivery time for metered mail as compared to stamped mail is "basically the same" and that the majority of mail sent from Corpus Christi, Texas, to Washington, D.C., is delivered in 3 days. While respondent provided the Court with statistical samplings which generally supported a 3-day delivery period, Hill further testified that it would not be unusual for the delivery of *769 mail between those two cities to take 4 days. One of petitioners' witnesses, Mike Flores (hereinafter Flores), a mail supervisor for the United States Postal Service, also testified that it would not be unusual for a letter which was mailed from Corpus Christi, Texas, to Washington, D.C., to take 4 days to deliver. Moreover, while both Hill and Flores testified that the Postal Service had goals to deliver 95 percent of the mail in less than 4 days, neither one of them testified that 95 percent of the mail was actually delivered in less than 4 days. See Stotter v. Commissioner,supra at 898-899. The petitioners also presented 4 affidavits from individuals associated with Matthews & Branscomb, the Texas law firm which prepared and mailed the petition in the instant case. [4] All of these affidavits attest to the fact that petitioners' petition was brought to the post office before 5:00 p.m. on February 8, 1982. Other evidence in the record establishes that Kenton E. McDonald, one of the attorneys of record in the instant case, instructed his law firm to mail the petition on February 8, 1982. On the record before us, we think that this instruction was carried *770 out.
Whether the petition was received at the Tax Court in the ordinary course of the mail is a purely factual question. Leventis v. Commissioner,49 T.C. 353 (1968). Petitioners have the burden of proof in the instant case. Rule 142(a), Tax Court Rules of Practice and Procedure. We will not, however, "lightly dismiss a petition and thereby deprive them of their opportunity to litigate" in this Court. Stotter v. Commissioner,supra at 898; Leventis v. Commissioner,supra.The record shows that it is not at all unusual for mail sent from Corpus Christi, Texas, to Washington, D.C., to take 4 days to deliver. Petitioners' petition was mailed on February 8, 1982, and received by the Tax Court on February 12, 1982, a 4-day delivery time. Given this record, we find that the petition was received and filed at the Tax Court in the ordinary course of the mail. See Stotter v. Commissioner,supra;Leventis v. Commissioner,supra.Accordingly, respondent's motion must be denied. *771 To reflect the foregoing, An appropriate order will be issued.
Footnotes
1. The notice of deficiency was issued after petitioners had paid the amounts upon which the fraud additions to tax are based. ↩
2. All section references are to the Internal Revenue Code of 1954, as amended.↩
3. See also McCurry v. Commissioner,T.C. Memo. 1981-68↩.
4. All of these affidavits were received in evidence. Respondent did not object to their admissibility.↩