WILLIAM C. BOOHER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Booher v. Commissioner
Docket No. 30170-81.
United States Tax Court
T.C. Memo 1983-193; 1983 Tax Ct. Memo LEXIS 587; 45 T.C.M. (CCH) 1246; T.C.M. (RIA) 83193; April 11, 1983. *587 Held: The petition in this case was received within the time period prescribed by I.R.C. sec. 6213(a) since the private postmark date qualifies under I.R.C. sec. 7502(b) as the date of filing. John E. O'Brien, for the petitioner. Dennis R. Onnen, for the respondent. WHITAKER
MEMORANDUM OPINION WHITAKER, Judge: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction. The sole issue for decision is whether the petition in this case was filed within the 90-day period prescribed by section 6213(a). [1]
*588 On September 11, 1981, respondent mailed to petitioner at his last known address, in Houston, Texas, by certified mail, the statutory notice of deficiency upon which this case is based. On December 15, 1981, this Court received the petition in this case. The petition lists petitioner's residence as Houston Texas. Under section 6213(a), the Court does not have jurisdiction over a case unless the petition is filed within 90 days after the mailing of the notice of deficiency, not counting Saturday, Sunday or a legal holiday as the last day. Normally, the date of filing is the date the petition is received by the Court. Section 7502 provides an exception, however, so that the date of the mailing of the petition is treated as the date of its filing if certain conditions are satisfied. In this case, the 90-day period prescribed by section 6213(a) expired on Thursday, December 10, 1981. Although the petition was not received by the Court until the following Tuesday, December 15, 1981, the envelope in which the petition was mailed bore the privately post metered date of December 10, 1981. We must determine whether the timely mailing-timely filing rule of section 7502 applies *589 so that this post metered date will be treated as the date of filing. [2]
Under section 7502(b) the Secretary of the Treasury is authorized to prescribe regulations dictating how the timely mailing-timely filing rule will apply to privately postmarked mail. The pertinent regulation is section 301.7502-1(c)(1)(iii)(B), Proced. and Admin. Regs., which sets forth two alternative sets of requirements to be satisfied by taxpayers relying on privately post metered dates. Under the first alternative, a private postmark date that is on or before the last date prescribed for filing the petition will be treated as the date of filing if the petition is received by the Court within the time in which a properly addressed envelope sent by the same class of mail would ordinarily be received. In paragraph 3 of his answer to motion to dismiss for lack of *590 jurisdiction, petitioner stated that: 3. A petition properly addressed, mailed in Houston and postmarked by the United States Post Office on Thursday, December 10, 1981 and [sic] would have normally reached the Tax Court in Washington, D.C. prior to Tuesday, December 15, 1981 but was delayed because of the Christmas mail rush. Respondent claims that this represents a concession by petitioner that the petition in this case was not delivered within the time that properly addressed mail postmarked in Houston, Texas, by the U.S. Postal Service would ordinarily be received by the Tax Court. At the hearing and in his trial memorandum petitioner has consistently argued that the delivery of the petition was within the ordinary time period for delivery of mail, given the increased mail volume due to the Christmas season. We believe it is clear that petitioner has not conceded that the petition was not received until after the expiration of the ordinary time period for delivery, but that he is contending that due to the Postal Service's increased work load during the Christmas season, the ordinary delivery period during that season was longer than at other time of the year. Whether *591 the petition was received by the Tax Court within the time that a document mailed on the 90th day would have ordinarily been received is purely a factual question. Stotter v. Commissioner,69 T.C. 896, 898 (1978). Frequently, testimony of Postal Service employees has been relied upon to establish the ordinary delivery time for mail. E.g., Stotter v. Commissioner,supra; Guerra v. Commissioner,T.C. Memo. 1983-21; McCurry v. Commissioner,T.C. Memo. 1981-68. Here, neither party introduced testimony from Postal Service employees. Nor was any other testimony presented on this point. Rather, petitioner has simply pointed out that the petition was mailed during the middle of the Christmas card rush season, and that a weekend intervened between the mailing of the petition on Thursday, December 10, 1981, and its receipt by the Court on Tuesday, December 15, 1981. Though the petitioners have thge burden of proving that the petition was received by the Court within the ordinary time period, we will not lightly dismiss a petition and thereby deprive petitioners of their opportunity to litigate a deficiency in this *592 Court. Stotter v. Commissioner,supra. Furthermore, as the trier of fact we must evaluate the evidence in light of our own experience. It is common knowledge that the delivery of the mails is significantly slowed during the Christmas season and that the ordinary time period for delivery of the mail during the pre-Christmas rush is noticeably longer than at other times during the year. Given that the five days between the mailing of the petition and its receipt by this Court spanned a weekend, we find that the petition was received within the time that a properly addressed document of the same class of mail, mailed and postmarked by the U.S. Postal Service in Houston, Texas, on December 10, 1981, would have been received by this Court. Thus, petitioner has satisfied the requirements of section 301.7502-1(c)(1)(iii)(B), Proced. and Admin. Regs. Accordingly, December 10, 1981, the date of the mailing of the petition, should be treated as the date the petition was filed in this case. Since Decemer 10, 1981, was the 90th day following the mailing of the notice of deficiency, the petition was filed within the time period prescribed in section 6213(a). We therefore *593 deny respondent's motion to dismiss. An appropriate order will be entered.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. The petition was mailed to the Court by certified mail. However, this does not afford petitioner any relief, since the regulation dealing with certified mail, sec. 301.7502-1(c)(2), Proced. and Admin. Regs., applies only if the taxpayer has an employee of the U.S. Postal Service postmark the sender's receipt, which was not done here.↩