T.C. Memo. 1996-535


UNITED STATES TAX COURT


JACQUELINE SABLE, a.k.a. JACQUELINE SABAL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18478-96.                    Filed December 4, 1996.


Jacqueline Sable, pro se.

<u>Alison W. Lehr</u>, for respondent.


MEMORANDUM OPINION

RUWE, <u>Judge</u>:   This matter is before the Court on
respondent's motion to dismiss for lack of jurisdiction.  The
sole issue for decision is whether the petition in this case was

filed within the 90-day period prescribed by section 6213(a)[1] as augmented by section 7502 and the regulations thereunder.

The notice of deficiency in this case was mailed on May 24, 1996. The 90-day period under section 6213(a) for timely filing a petition expired on Thursday, August 22, 1996. Petitioner's petition was properly addressed and mailed[2] to the Tax Court in a large envelope bearing a privately metered postmark dated August 20, 1996. The postmark also indicates the origin of mailing as Fort Lauderdale, Florida.[3] The petition was received and filed by the Court on August 26, 1996, 4 days beyond the period for filing prescribed by section 6213(a).

Generally, the Court does not have jurisdiction over a case unless the petition is filed within the 90 days allowed by section 6213(a). Under section 7502, however, some relief is provided in those cases where the petition is mailed within the 90-day period but received for filing after the expiration of that period. Section 7502(a) provides that the date of the U.S.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code as amended.

[2]The petition was mailed to the Court by certified mail. However, this does not afford petitioner any relief, since the regulation dealing with certified mail, sec. 301.7502-1(c)(2), Proced. & Admin. Regs., applies only if the taxpayer has an employee of the U.S. Postal Service postmark the sender's receipt. There is no evidence that this was done here.

[3]The petition lists petitioner's residence as Pompano Beach, Florida.

postmark stamped on the envelope, in which such petition is mailed, shall be deemed to be the date of delivery if certain requirements are met.  With respect to privately metered mail, section 7502(b) states that the provisions of section 7502 will apply "only if and to the extent provided by regulations prescribed by the Secretary."

Regulations have been promulgated pursuant to section 7502(b) to govern cases involving privately metered mail. Section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs., provides in part:

> (b) If the postmark on the envelope or wrapper is made other than by the United States Post Office, (1) the postmark so made must bear a date on or before the last date, or the last day of the period, prescribed for filing the document, and (2) the document must be received by the agency, officer, or office with which it is required to be filed not later than the time when a document contained in an envelope or other appropriate wrapper which is properly addressed and mailed and sent by the same class of mail would ordinarily be received if it were postmarked at the same point of origin by the United States Post Office on the last date, or the last day of the period, prescribed for filing the document. * * *

Thus, section 7502 applies to privately metered mail if: (1) The postmark bears a timely date, and (2) delivery occurs within the time that it ordinarily takes for delivery of an envelope, bearing a postmark of the U.S. Postal Service, properly mailed <u>on the last day prescribed for filing</u>.

The petition in issue was mailed in an envelope bearing a privately metered postmark with the timely date of August 20,

1996. Therefore, petitioner satisfies the first element of section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs. However, respondent argues that petitioner does not satisfy the second element of this section because a properly addressed envelope "mailed by regular mail from the Boca Raton area and bearing a United States postmark with a date of August 20, 1996 would have ordinarily been received on August 23, 1996 at the Tax Court." Since the petition was not filed until August 26, 1996, respondent concludes that it was not timely.

Respondent misinterprets the requirement of section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs. The regulation clearly states that the ordinary period of time it takes for delivery starts on the last day prescribed for filing, not, as respondent contends, the date indicated on the privately metered postmark.

The last day for filing the petition was August 22, 1996. For purposes of deciding this motion, we accept respondent's allegation that the ordinary delivery period for properly addressed regular mail from the Boca Raton area to the Tax Court is approximately 3 days.[4] Therefore, had the petition been

---

[4]Whether the petition was received by the Tax Court within the time that a document mailed on the 90th day would have ordinarily been received is purely a factual question. Stotter v. Commissioner, 69 T.C. 896, 898 (1978). Although we apply respondent's allegation of ordinary delivery time for purposes of this case, we make no independent finding of fact regarding this

(continued...)

mailed on Thursday, August 22, 1996, 3 days later would have been Sunday, August 25, 1996.  Since there is no mail delivery to the Tax Court on weekends, weekend mail deliveries are held until the following Monday morning.  Thus, the petition would not have reached the Tax Court until Monday, August 26, 1996.

The petition in issue was received by the Court on August 26, 1996.  Therefore, we find that the petition was timely filed under section 7502 and the regulations thereunder, since it reached the Court at the same time an envelope properly addressed, mailed, and postmarked by the U.S. Postal Service on August 22, 1996, ordinarily would have reached the Court. McCurry v. Commissioner, T.C. Memo. 1981-68.

An appropriate order

will be issued.

---

[4](...continued)
matter.